United States District Court
Southern District of Texas
**ENTERED**
August 03, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DINORA SALVADORA VENTURA-BERRIOS, | § § § | |
| Petitioner, | § § | |
| VS. | § § | CIVIL ACTION NO. 4:26-CV-04385 |
| MARKWAYNE MULLIN, *et al.*, | § § § | |
| Respondents. | § § § | |

## ORDER

Before the Court is Plaintiff's Second Motion for Temporary Restraining Order (the "Motion").[1]  Doc. #9.  Petitioner seeks to temporarily enjoin Respondents from removing her from the United States pending resolution of her petition for writ of habeas corpus.  *Id.* at 4.  Having considered the Motion and the applicable legal authorities, the Court denies the Motion.

A temporary restraining order is an "extraordinary remedy" that should only be granted when the party seeking relief clearly carries the burden of persuasion.  *PCI Transp., Inc. v. Fort Worth & W. R. Co.*, 418 F.3d 535, 545 (5th Cir. 2005).  A party seeking emergency injunctive relief must establish:  (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm; (3) the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) the injunction will not disserve the public interest.  *Nichols v. Alcatel USA, Inc.*, 532 F.3d 364, 372 (5th Cir. 2008).  The movant carries the burden of persuasion on all four requirements.  *PCI Transp. Inc.*, 418 F.3d at 545.

---

[1] Petitioner First Motion for Temporary Restraining Order (Doc. #2) is denied as moot because it has been superseded by Petitioner's Second Motion for Temporary Restraining Order (Doc. #9).

Petitioner asks the Court to temporarily restrain Respondents from executing her removal order because she has a pending Form I-601A, Application for Provisional Unlawful Presence Waiver. Doc. #9. Petitioner contends that the applicable regulations require her to remain physically present in the United States while the application is pending, and her removal before USCIS adjudicates the application would deprive her of the opportunity to complete the provisional waiver process. *Id.* at 2. Petitioner further represents that she has resided in the United States since 2013, is married to a lawful permanent resident, and she has two minor children who are United States citizens. Doc. #1 at 8–9.

The Court does not discount the hardship that removal would impose on Petitioner and her family. Nevertheless, Petitioner has failed to carry her burden of demonstrating a substantial likelihood of success on the merits. Specifically, Petitioner cites to no authority authorizing a district court to stay the execution of a final order of removal pending adjudication of a Form I-601A application. *See* Doc. #9. To the contrary, courts presented with materially similar requests have concluded that 8 U.S.C. § 1252(g) deprives courts of jurisdiction to grant such relief. *See Pinto-Barrera v. Sifuentez*, No. EP-18-CV-00325-DCG, 2018 WL 6027114, at *2 (W.D. Tex. Nov. 16, 2018) (holding that 8 U.S.C. § 1252(g) stripped the court of jurisdiction to review petitioner's emergency motion for stay of removal even though petitioner started provisional waiver application process); *Singh v. Cole*, No. 1:20-CV-763-P, 2020 WL 7655276, at *8 (W.D. La. Nov. 17, 2020), *report and recommendation adopted*, 2020 WL 7647537 (W.D. La. Dec. 23, 2020) (same). Furthermore, the Fifth Circuit has been clear that district courts generally lack jurisdiction to stay orders of removal. *See Idokogi v. Ashcroft*, 66 Fed.Appx. 526 (5th Cir. 2003); *Fabuluje v. Immigration & Naturalization Agency*, 244 F.3d 133 (5th Cir. 2000).

In sum, Petitioner has not demonstrated a substantial likelihood of success on the merits. Because this factor has not been satisfied, the Court need not reach the remaining requirements for injunctive relief. *See Boerschig v. Trans-Pecos Pipeline, L.L.C.*, 872 F.3d 701, 706 (5th Cir. 2017) (explaining that "we need not reach the other injunction factors" after determining that movant failed to establish one factor).

For the foregoing reasons, Plaintiff's Second Motion for Temporary Restraining Order (Doc. #9) is hereby DENIED. Plaintiff's First Motion for Temporary Restraining Order (Doc. #2) is DENIED as MOOT.

It is so ORDERED.

AUG 0 3 2026
_____
Date

_____
The Honorable Alfred H. Bennett
United States District Judge